IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MACON COUNTY INVESTMENTS, ) | |
| INC., *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| v. ) | CASE NO. 3:06-CV-224-WKW |
| ) | [wo] |
| DAVID WARREN, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

This case is before the court on the plaintiffs' Motion for Reconsideration (Doc. # 94), which the court construes as a Rule 59(e) motion to alter or amend the judgment, and the plaintiffs' Motion for Status Conference (Doc. # 99). The plaintiffs seek reconsideration of the court's order (Doc. # 91) granting the defendant's motion for summary judgment. For the reasons stated below, the plaintiffs' motions will be denied.

**I. STANDARD**

The Federal Rules of Civil Procedure do not provide for the filing of motions for reconsideration. *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). However, it is widely recognized that Rule 59(e) encompasses motions for reconsideration. *See Wright v. Preferred Research, Inc.*, 891 F.2d 886, 889 (11th Cir. 1990). "In the interests of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly." *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003). "The decision to alter or amend a judgment is

committed to the sound discretion of the district court." *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

Parties cannot use a Rule 59(e) motion to relitigate old matters or to raise new legal arguments or present new evidence that could have been raised or presented prior to the entry of judgment. *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005), *Sanderlin v. Seminole Tribe of Fla.*, 243 F.3d 1282, 1292 (11th Cir. 2001). A motion for reconsideration should be made only in three circumstances: "(1) when a party presents the court with evidence of an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error or manifest injustice." *Summit Med. Ctr. of Ala., Inc. v. Riley*, 284 F. Supp. 2d 1350, 1355 (M.D. Ala. 2003).

## II. DISCUSSION

In their motion to alter or amend judgment, the plaintiffs assert that the court committed clear error; specifically, the plaintiffs challenge the court's "holdings regarding the Plaintiffs' standing; the Plaintiffs' challenge of the Original Rules; and the Plaintiffs' suffering of an actual injury." (Pls.' Reply Br. 1.) After carefully reviewing the briefing, the court concludes that the plaintiffs are simply relitigating old matters and making arguments that should have been made at the summary judgment stage.

In granting summary judgment to the defendant, the court determined that the plaintiffs do not have standing. The court held that "even if the plaintiffs could succeed on the merits of the equal protection claim, the remedy sought would not redress their injury.

That is, even if the declaratory judgment invalidated the amended rules, the plaintiffs still would not be entitled to a Class B Bingo license under the original rules." (Doc. # 91, at 10 (footnote omitted).)  Thus, the plaintiffs failed to establish the redressability element of standing.  The court noted that the plaintiffs made a meager response, void of legal authority or factual support in the record, to the defendant's summary judgment challenge to redressability. (Doc. # 91, at 4.)  The plaintiffs now attempt to buttress their argument, but it is too late.  The court is not required to expend scarce judicial resources to consider briefing that could have and should have been done at the summary judgment stage.  Moreover, as the defendant has competently argued, the plaintiffs present nothing in their briefing that demonstrates that the court committed clear error.

### III.  CONCLUSION

Because the plaintiffs fail to carry their burden of showing clear error or manifest injustice, it is ORDERED that the motion for reconsideration (Doc. # 94) is DENIED and that the Motion for Status Conference (Doc. # 99) is DENIED as moot.

DONE this 12th day of June, 2008.

                              /s/  W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE